*NOT FOR PUBLICATION*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| THEODORE URBANIK, | Civil Action No. 09-00627 (SDW-MCA) |
| Plaintiff, | |
| v. | **OPINION** |
| ITT CORPORATION, | July 10, 2009 |
| Defendant. | |

**WIGENTON**, District Judge

Pending before the Court is Defendant ITT Corporation's ("ITT") Motion to Dismiss Plaintiff Theodore Urbanik's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court has Jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and 28 U.S.C. § 1331. The Motion is decided without oral argument pursuant to Federal Rule of Civil Procedure 78.

**I.   Factual and Procedural Background**

ITT is engaged primarily in the business of designing and manufacturing electronic equipment. (Compl. ¶ 2.) Urbanik was employed as a manager at ITT from about April 9, 2001, until about March 24, 2006. (*Id*. ¶ 1.) He had received positive feedback regarding his job performance until his termination. (*Id*. ¶ 3.) Urbanik was one of fifteen employees terminated due to an overall workforce reduction, purportedly due to lack of work. (*Id*. ¶ 4.) Of the 15 employees that were terminated, 13 were over the age of 55 and eligible for full retirement

1

benefits from ITT.  (*Id.* ¶ 7.)[1]  Urbanik did not receive severance benefits from ITT upon his termination in violation of ITT's policy to grant severance to employees who are terminated due to lack of work.  (*Id.* ¶¶ 14, 16.)

On May 22, 2007, Urbanik brought suit against Defendant ITT Corporation ("ITT") in New Jersey Superior Court alleging age discrimination, breach of contract, and breach of the covenant of good faith and fair dealing in connection with his termination from ITT.  This original suit was dismissed for failure to effectuate service.  On March 24, 2008, Urbanik filed another complaint against ITT with the same claims.  ITT removed the case to this Court on February 11, 2009.

Urbanik's Complaint alleges three causes of action.  First, he alleges his termination violated the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. § 10:5-1 to 10:5-49 (Compl. ¶¶ 10–12.)  Second, Urbanik alleges that ITT breached the terms and conditions of his employment agreement by not paying him severance upon termination in accordance with ITT's Severance Pay Plan (the "Plan").  (*Id.* ¶ 13.)  Finally, he alleges that ITT's refusal to provide severance pay constituted a breach of the covenant of good faith and fair dealing, which was implied in his employment agreement.  (*Id.* ¶ 21.)

ITT has moved to dismiss Urbanik's claims pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that they are preempted by ERISA, 29 U.S.C. § 1144(a).  ITT argues that Urbanik's claims "relate to" ITT's Severance Pay Plan, which is an employee benefit plan governed by ERISA, and are therefore expressly preempted.  Urbanik argues that ITT's payment plan is not governed by ERISA and thus his claims are not preempted.  He also argues that his age discrimination claims do not relate to ITT's severance plan.

---

[1]  The Complaint does not specify Urbanik's age when he was terminated or whether he was one of the13 termindated employees over the age of 55.

2

**II.     Standard for Motion to Dismiss Pursuant To Fed. R. Civ. P. (12)(b)(6)**

In considering a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), the Court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the Plaintiff, and determine whether, under any reasonable reading of the complaint, the Plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny,* 515 F.3d 224, 233 (3d Cir. 2008). (quoting *Pinker v. Roche Holding Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)). As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and 'conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). In *Phillips*, the Third Circuit carefully considered the Supreme Court's holding in *Twombly* and stated:

> The Supreme Court's *Twombly* formulation of the pleading standard can be summed up thus: "stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest the required element. This "does not impose a probability requirement at the pleadings states, "but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of" the necessary element.

*Phillips*, 515 F. 3d at 234 (quoting *Twombly*, 127 S. Ct. 1955).

**III.    Discussion**

ERISA contains a broad preemption clause, which states:

Except as provided in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

3

29 U.S.C. § 1144(a). "State laws" include "all laws, decisions, rules, regulations, or other State action having the effect of law." 29 U.S.C. § 1144(c)(1). In determining whether ERISA's preemption clause applies to Urbanik's claims, this Court must address two issues. First, whether ITT's Severance Pay Plan qualifies as an ERISA "employee benefit plan." *See Pane v. RCA Corp.*, 868 F.2d 631, 635 (3d Cir. 1989). The second issues is whether Urbanik's claims "relate to" the Plan. *Id.*; *see also Way v. Ohio Cas. Ins. Co.*, 346 F. Supp. 2d 711, 714 (D.N.J. 2004) (citing *Alston v. Atlantic Elec. Co.*, 962 F. Supp. 616, 622 (D.N.J. 1997)).

### A. Whether ITT's Severance Plan is an ERISA Benefits Plan

The Supreme Court has stated that ERISA's preemption clause was intended to prevent employers from having to navigate a "patchwork scheme of regulation." *See Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 11 (1987). As such, preemption only applies to a benefit *plan,* as distinguished from mere benefits alone. *Id*. Such a plan "by nature requires an ongoing administrative program to meet the employer's obligation." *Id*. A one-time benefit is insufficient to trigger ERISA's preemption clause because "[t]o do little more than write a check hardly constitutes the operation of a benefit plan. Once this single event is over, the employer has no further responsibility." *Id*. at 11–12 (noting that "[o]nly a plan embodies a set of administrative practices vulnerable to the burden that would be imposed by a patchwork scheme of regulation"); *see also Angst v. Mack Trucks, Inc.*, 969 F.2d 1530, 1538–1540 (3d. Cir. 1992) (holding that an employee buyout plan providing a lump-sum payment and one year of continued benefits was not an ERISA benefit plan). Where a severance plan "involve[s] a separate determination of each individual's eligibility for benefits," it typically requires an ongoing administrative system and is thus likely to be considered an ERISA benefits plan. *See Pane v. RCA Corp.*, 667 F. Supp. 168, 170-71 (D.N.J. 1987), *aff'd,* 868 F.2d 631 (3d Cir. 1989) (holding

4

that employer's severance plan was not a one-time payment but an ongoing benefit program which qualified as an ERISA benefits plan.)

In the present case, it is not clear from the face of the Complaint whether ITT's Severance Payment Plan required an ongoing administrative scheme. This is because only a short segment of ITT's "Policies and Standard Practices" manual is referenced in the Complaint. (*See* Comp. ¶ 14.) Generally, a Court may not consider matters extraneous to the pleadings in deciding a motion to dismiss. *Angelastro v. Prudential-Bache Sec.,* 764 F.2d 939, 944 (3d Cir. 1985). However, a "court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Because Urbanik's Complaint relies on ITT's Policies and Standard Practices manual, the Court may consider the entirety of the document, which was attached to ITT's motion brief. (Def.'s Mem. in Supp. of Mot. to Dismiss, Ex. A.) Urbanik has not challenged the accuracy or authenticity of this document.

Upon reviewing ITT's Policies and Standard Practices manual, it is clear that ITT's Plan requires an administrative program and is thus an ERISA benefits plan. First, the Plan is not a one-time event but is instead an on-going policy. This is in direct contrast to the buyout plans considered in *Fort Halifax* and *Angst.* Second, the Plan contains particular criteria which must be met in order for an employee to be eligible to receive benefits. This necessarily requires an individualized determination of those benefits. That determination is made by the Director of Human Resources, who serves as the Plan Administrator. Third, the Plan states that severance payments can range from a lump sum to periodic payments over time. All of these factors

5

indicate that an ongoing administrative program is required for ITT's Severance Pay Plan. Thus, ITT's Plan is an employee benefit plan under ERISA.

Urbanik argues that this case is analogous to *Angst v. Mack Trucks, Inc.*, 969 F.2d 1530 (3d Cir.1992), in which the Third Circuit held that plaintiffs' claims that the employer had breached the terms of an employee buyout plan were not preempted by ERISA. In *Angst*, the employer had agreed to pay departing employees a lump sum cash payment and one year of continued benefits. The Court held that "ERISA does not apply to buyout plans, such as the buyout plan in the present case, which provide for the continuation of benefits to which the departing employees had already been entitled under an existing plan." *Id*. at 1540. The current case is distinguishable from *Angst* because it does not involve a one-time event like a buyout. Instead, ITT's Severance Pay Plan is an on-going plan that requires an administrative program involving individual eligibility determinations.

This case is more analogous to the plan considered in *Way v. Ohio Casualty Ins. Co.*, 346 F. Supp. 2d 711, 716 (D.N.J. 2004), which involved an on-going severance plan with differing eligibility requirements and beneficiaries. In light of these and other factors, the Court in *Way* found the plan to be an employee benefit plan covered by ERISA. *Id*. *See also Pane v. RCA, Corp.*, 868 F.2d 631 (3d Cir.1989) (upholding District Court's determination that a severance plan for executives which required an individual eligibility determination based on certain criteria qualified as a benefit plan under ERISA).

### B. Whether the State Claims Relate to the ERISA Plan

Having concluded that ITT's severance plan is an employee benefit plan under ERISA, the remaining question is whether Urbanik's claims "relate to" the plan. *See* 29 U.S.C. § 1144(a). "A law 'relates to' an employee benefit plan, in the normal sense of the phrase, if it has

a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 97 (1983); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139 (1990). ERISA's preemption clause is not limited to "'state laws specifically designed to affect employee benefit plans,'" but also includes common-law causes of action that relate to an employee benefit plan. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987) (quoting *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 98, (1983)).

Urbanik's first Count for breach of contract and second Count for breach of the covenant of good faith and fair dealing both "relate to" ITT's severance plan. Both claims are based on the allegation that upon Urbanik's termination, ITT failed to grant him severance payments to which he was entitled. Because both of these claims "relate to" an ERISA benefits plan, they are preempted by ERISA and must be dismissed as pled.

Urbanik's Third Count alleges that his termination was "impermissibly based on his age" in violation of the New Jersey Law Against Discrimination, N.J.S.A. § 10:5-1, *et seq*. (Comp. ¶ 10.) Urbanik alleges that he was part of a group of 15 terminated employees, of which 13 were over the age of 55. (*Id*. ¶ 7.) He also alleges that "[m]any of these older employees were eligible for full retirement benefits from the Company." (*Id*.) Urbanik further claims that "the responsibilities of his former position were awarded to younger persons." (*Id*. ¶ 9.)

ITT argues that Urbanik's age-discrimination claims are preempted by ERISA because they are based on a benefits-defeating motive. Such a benefits-defeating motive for terminating an employee is clearly prohibited under ERISA. *See* 29 U.S.C.A. § 1140. As such, state-based causes of action premised on this motive are preempted by ERISA. *See Wood v. Prudential Ins. Co. of America*, 207 F.3d 674, 677 (3d Cir. 2000); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 140 (1990) (finding "no difficulty in concluding that . . . a claim that the employer

wrongfully terminated plaintiff primarily because of the employer's desire to avoid contributing to, or paying benefits under, the employee's pension fund–'relate [s] to' an ERISA-covered plan within the meaning of § 514(a), and is therefore pre-empted"). In *Wood,* plaintiff alleged that he was fired at age fifty-one because he was about to become eligible for full retirement benefits. *Id*. at 677. In an attempt to avoid preemption of his state-based claims, the plaintiff in *Wood* argued that the complaint contained "claims of age and disability discrimination entirely separate from this benefits-defeating allegation." *Id*. However, the Court found no such allegations in plaintiff's complaint. *Id*.

In this case, Urbanik alleges that he was fired because of his age and also *suggests*—but does not explicitly state—that a benefits-defeating motive was behind his and other employees' terminations. (*See* Compl. ¶ 7 ("Many of these older employees were eligible for full retirement benefits from the Company.").) Urbanik's brief also appears to have one foot on each side of the ERISA preemption fence: It reiterates that many of the terminated employees "were already eligible for full retirement benefits" and states that "ITT unlawfully retaliated against [him] by refusing to pay to him certain severance payments to which he was already lawfully entitled" (Plf.'s Br. 1), yet argues that his discrimination claim "has to do with wrongful termination, not an employee benefit plan." (*Id*. at 5.) Because ITT has brought a motion to dismiss, this Court must construe the Complaint in the light most favorable to the non-moving party. *Pinker v. Roche Holding Ltd.,* 292 F.3d 361 (3d Cir. 2002). Although the Complaint suggests a benefit-defeating motive, we construe the gravamen of Count One of the Complaint as stating a claim for wrongful termination based on age in violation of the NJLAD which is independent and unrelated to ITT's severance plan. As such, it is not preempted by ERISA. The Court is also satisfied that the Complaint contains "enough factual matter (taken as true) to suggest" the

elements of an NJLAD claim and contains "enough facts to raise a reasonable expectation that discovery will reveal evidence of" that claim. *Phillips*, 515 F. 3d at 234 (quoting *Twombly*, 127 S. Ct. 1955) (internal quotations omitted).

## IV. Conclusion

For the reasons stated above, Counts Two and Three of the Complaint are preempted by ERISA and are therefore DISMISSED without prejudice. ITT's Motion to Dismiss is DENIED as to Count One of the Compliant. Urbanik is granted 30 days to amend the Complaint in a manner consistent with this Opinion.

**SO ORDERED.**

s/ Susan D. Wigenton<br>
**Susan D. Wigenton, U.S.D.J.**